1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>              Plaintiff,<br><br>   v.<br><br>KERN COUNTY DETENTION CENTER<br>PRE-TRIAL, et al.,<br><br>              Defendants. | Case No. 1:13-cv-00726-LJO-DLB PC<br><br>**ORDER DISMISSING COMPLAINT,<br>WITH LEAVE TO AMEND**<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

I.      **Background**

        Plaintiff Zane Hubbard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On May 16, 2013, Plaintiff filed his complaint, which is presently before the Court for screening.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

1      A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

5  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

7  allegations are accepted as true, legal conclusions are not.  *Id.*

8  **II.**    <u>**Summary of Complaint**</u>

9      Plaintiff was incarcerated at Kern County Lerdo Detention Center ("KCLD") in Bakersfield,

10  California, and Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to

11  this action occurred.  Plaintiff names as Defendants: Kern County Lerdo Detention Center Pre-Trial,

12  Officer Peatris, Miller, T. King, Officer Ashley, Officer R Davis, Gilmoore, and CDCR.

13      Plaintiff alleges the following.  On October 23, 2010 through October 25, 2010, Defendant

14  Peatris accused Plaintiff of being under the influence of a controlled substance.   He searched

15  Plaintiff's living area and found nothing.  Next, he performed an illegal strip search of Plaintiff.  On

16  February 14, 2011, Officers Ashely and Jennings searched Plaintiff after he came out of court.

17  Defendant Ashley found three kite notes in Plaintiff's shoe and then Defendant Ashley illegally

18  swiped Plaintiff's bottom.  On April 25, 2011, Plaintiff was illegally sentenced to thirty-seven years

19  to life.  Plaintiff's due process rights were continuously violated throughout the course of the trial.

20  Plaintiff was sitting on his bunk when Defendants Ashley, Davis, and Gilmore conducted an illegal

21  strip search of Plaintiff while he was in mechanical restraints.  Plaintiff was fully restrained and he

22  was sent back to his cell without a mattress for twenty-four hours.

23      In July or August 2010, officers alleged that Plaintiff had contraband and committed assault

24  and battery on him.  As a result, Plaintiff was unable to attend court that day.  During Plaintiff's

25  incarceration, he has suffered racial profiling, discrimination, retaliation, and unethical behavior.

26  Plaintiff, a Mexican-American, was continuously housed with white inmates who complained about

27  him.  Officers alleged that Plaintiff pressured these inmates to move cells.  Plaintiff has no problem

28  being housed with other Hispanic inmates.  Finally, Plaintiff was part of an illegal strip search case

1   in Kern Country from 2006 to 2011.   Plaintiff requests to lay a claim to each individual booking.

2        Plaintiff requests monetary damages as relief.

3   **III.**   <u>**Analysis**</u>

4        **A.**      **Linkage and Rule 20 of the Federal Rules of Civil Procedure**

5        Plaintiff names Defendants at both KCLD and WSP.  Plaintiff's allegations are in violation

6   of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil

7   Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted

8   against them arises out of the same transaction, occurrence, or series of transactions and occurrences,

9   and any question of law or fact common to all defendants will arise in the action.  *See also George v.*

10  *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in

11  different suits").  Plaintiff's allegations against KCLD  Defendants are unrelated to his claims

12  against WSP Defendants, and are not permitted to proceed in the same action.

13        For the reasons set forth below, the complaint is dismissed for failure to comply with the

14  Federal Rules of Civil Procedure.  Plaintiff shall be given the opportunity to file an amended

15  complaint curing the deficiencies described by the Court in this order.  In the paragraphs that follow,

16  the Court will provide Plaintiff with the legal standards that appear to apply to the claims.  Plaintiff

17  should carefully review the standards and amend only those claims that he believes, in good faith,

18  are cognizable.  Plaintiff is warned that if he again files a pleading containing unrelated claims

19  against unrelated Defendants, the action will be dismissed for failure to obey a court order.

20        **B.**      **Fourth Amendment**

21        The Fourth Amendment prohibits only unreasonable searches.  *Bell v. Wolfish*, 441 U.S. 520,

22  558, 99 S.Ct. 1861 (1979); *Byrd v. Maricopa Cnty. Sheriff's Dep't,* 629 F.3d 1135, 1140 (9th Cir.

23  2011), cert. denied, 131 S.Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.

24  1988).  The reasonableness of the search is determined by the context, which requires a balancing of

25  the need for the particular search against the invasion of personal rights the search entails.  *Bell*, 441

26  U.S. at 558-59 (quotations omitted); *Byrd*, 629 F.3d at 1141; *Bull v. City and Cnty. of San Francisco*,

27  595 F.3d 964, 974-75 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010);

28  *Michenfelder*, 860 F.2d at 332-34.  Factors that must be evaluated are the scope of the particular

1   intrusion, the manner in which it is conducted, the justification for initiating it, and the place in

2   which it is conducted. *Bell*, 441 U.S. at 559 (quotations omitted); *Byrd*, 629 F.3d at 1141; *Bull*, 595

3   F.3d at 972; *Nunez,* 591 F.3d at 1227; *Michenfelder*, 860 F.2d at 332.

4          **C.     Fourteenth Amendment—Equal Protection**

5          The Equal Protection Clause requires that all persons who are similarly situated should be

6   treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (2001); *City of Cleburne v. Cleburne*

7   *Living Ctr.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing

8   that the defendant intentionally discriminated against the plaintiff based on the plaintiff's

9   membership in a protected class, *Lee,* 250 F.3d at 686; *Barren v. Harrington*, 152 F.3d 1193, 1194

10  (1998), or that similarly situated individuals were intentionally treated differently without a rational

11  relationship to a legitimate state purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167

12  (2005); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Discriminatory purpose implies

13  that the defendant chose a particular course of action because of its adverse effect upon a

14  discriminate group. *Lee,* 250 F.3d at 687. Prison inmates are not a protected class for equal

15  protection purposes. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *McQueary v. Blodgett*,

16  924 F.2d 829, 834 (9th Cir. 1991).

17  **IV.    Conclusion and Order**

18         Plaintiff complaint is dismissed for failure to follow the Federal Rules of Civil Procedure.

19  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the

20  deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.

21  1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

22  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

23  complaints).

24         If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

25  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

26  constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the

27  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

28  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to follow the Federal Rules of Civil Procedure, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 1, 2014**                          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

5