# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>             Plaintiff,<br><br>     v.<br><br>PEATRIS, et al.,<br><br>             Defendants. | Case No. 1:13-cv-00726-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF FIRST AMENDED COMPLAINT**<br><br>21-DAY DEADLINE |

## I.  Background

Plaintiff Zane Hubbard ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 16, 2013, Plaintiff filed his complaint. On April 2, 2014, the Court screened and dismissed the complaint, with leave to amend, for failure to follow the Federal Rules of Civil Procedure. On April 14, 2014, Plaintiff filed a First Amended Complaint which is presently before this Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was incarcerated at Kern County Lerdo Detention Center ("KCLD") in Bakersfield, California, and Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: Kern County Sheriffs Peatris, Ashley, Jennings, Gilmoore, Miller, T. King, and Davis, Wasco State Prison Institutional Gang Investigators T. Drew and Rodriguez, and Sheriffs Williams, Hall and Gentry.

Plaintiff alleges the following. On an unidentified date, Defendants Jennings and Ashley "credit-card" checked Plaintiff for purposes of sexual harassment. On other occasions, Plaintiff would be sitting in his cell when Defendants Ashley, Peatris, Jennings, Gilmoore, Miller, Davis, and Williams would come to Plaintiff's door, order him to "cuff up," shackle him, strip search him while aiming tasers at him, and give him clothes too small to fit. Plaintiff would then be walked back to his cell with pink trim or green trim clothes while being shackled in front of female and male inmates in order to humiliate him.

On another occasion, Defendant King ordered an assault on Plaintiff while he was fully shackled, stating Plaintiff had contraband on him. Plaintiff was placed on an 8-hour suicide watch in a bare cell with a smock after sheriffs found nothing.

Defendant Hall, with a racist motive, spread confidential personal information about Plaintiff to other inmates. Plaintiff further alleges that Defendant Hall took him to Kern Medical Center on suspicious visits related to electroconvulsive therapy, or the placing of a chip in his system to

monitor his daily activities and to broadcast his social security information.  Defendant Hall also called Plaintiff a "snitch" to other inmates.

Plaintiff alleges that Defendants sexually harassed him in order to force him to be homosexual.

Plaintiff claims Defendants Jennings, King and Gilmoore had Defendant Gentry open and read his sealed outgoing mail.  Defendant Gentry shared this information with inmates, sheriffs and correctional officers in violation of his First Amendment rights.  Defendants King, Jennings, and Gilmoore gave a confiscated letter to Correctional Lieutenants Drew and Rodriguez.

Upon Plaintiff's return to CDCR, Plaintiff was housed with a known enemy which led to a physical altercation that resulted in Plaintiff getting shot in the back with a block gun.  Defendants Drew and Rodriguez wrongly used this incident as probable cause to initiate a false validation of a prison gang.  Plaintiff was then illegally placed in the "hole" in solitary confinement.  He suffered daily interrogation, slander and threats through electroconvulsive therapy in order to force him to drop his lawsuits. CDCR illegally imposed a pilot program creating broken men by means of torture. Plaintiff claims he is not supposed to be incarcerated. He further claims he is subjected to continuous cell moves for no reason, and he is subjected to cavity searches without probable cause.

Plaintiff requests monetary and punitive damages as relief.

**III.   Analysis**

    **A.   Linkage and Rule 20 of the Federal Rules of Civil Procedure**

As he did in his original complaint, Plaintiff names Defendants at both KCLD and WSP. Plaintiff's allegations are in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  As he did in his original complaint, Plaintiff makes numerous allegations against KCLD Defendants that are unrelated to his claims against WSP Defendants, and are not permitted to proceed in the same action.  Plaintiff has already been advised

3

of his of his failure to comply with the Federal Rules of Civil Procedure. The First Amended Complaint suffers from the same deficiencies. For these reasons, the Court will recommend that the complaint be dismissed without leave to amend for failure to comply with the Federal Rules of Civil Procedure.

## IV.  Conclusion and Recommendation

Plaintiff's First Amended Complaint fails to comply with the Federal Rules of Civil Procedure and should be DISMISSED. Plaintiff was previously provided with leave to amend and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 22, 2015**                              /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE