# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>  Plaintiff,<br><br>  v.<br><br>PEATRIS, et al.,<br><br>  Defendants. | Case No. 1:13-cv-00726 LJO DLB PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[ECF No. 17] |

Plaintiff Zane Hubbard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 16, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2015, the Magistrate Judge issued a Findings and Recommendation that the action be dismissed for Plaintiff's failure to comply with the Federal Rules of Civil Procedure. The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within twenty-one days. Over twenty-one days passed and Plaintiff did not file objections. On May 20, 2015, the undersigned adopted the Findings and Recommendations in full and dismissed the action.

On May 21, 2015, Plaintiff filed objections. On June 22, 2015, Plaintiff filed a motion for reconsideration of the order dismissing the action.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action because he states he submitted his objections to the Findings and Recommendation on April 30, 2015. Plaintiff complains that his objections were not considered although they were timely submitted.

1 The Court notes that the proof of service on Plaintiff's objections is dated April 30, 2015,
2 however the objections were not filed until May 21, 2015, which was after the date they were
3 due and after the Court had adopted the Findings and Recommendation and dismissed the action.
4     In any case, the Court has reviewed Plaintiff's objections and finds that the objections do
5 not alter the Court's determination that Plaintiff failed to comply with the Federal Rules of Civil
6 procedure as set forth by the Magistrate Judge.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

   Dated:   **June 29, 2015**          **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE